**WO**                    NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Glenn Anderson, | No. CV-15-08306-PCT-JJT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Glenn Anderson's Application for Supplemental Security Income ("SSI") by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 16, "Def.'s Br."), and Plaintiff's Reply (Doc. 17, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, R.) and now affirms the Administrative Law Judge's decision (R. at 31-40) as upheld by the Appeals Council (R. at 1-4).

**I.    BACKGROUND**

Plaintiff filed an application for SSI on December 20, 2011, for a period of disability beginning March 1, 2005. (R. at 339-42.) Plaintiff's claim was denied initially on September 20, 2012 (R. at 267-69), and on reconsideration on May 9, 2013 (R. at 237). Plaintiff then testified at a hearing held before an Administrative Law Judge

("ALJ") on February 11, 2014, at which Plaintiff asked to change his disability onset date to January 4, 2012. (R. at 48-88.) On May 2, 2014, the ALJ denied Plaintiff's SSI application. (R. at 31-40.) On October 26, 2015, the Appeals Council upheld the ALJ's decision. (R. at 1-4.) The present appeal followed.

The Court has reviewed the voluminous medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments that include an adjustment disorder with depressed mood; polysubstance dependence; a history of major depressive disorder, bipolar disorder, catatonic schizophrenia, and a schizoid personality disorder; status post open reduction internal fixation of a left forearm fracture; left ankle fracture; left radius and ulna fracture; multilevel degenerative disc disease with mild stenosis; cervical spondylosis; ulnar nerve and peripheral neuropathy; radiculopathy; lumbago; sciatica; wrist osteopenia; central hernia; and left knee medial meniscus tear. (R. at 33.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's

decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

In this case, Plaintiff generally does not contest the ALJ's consideration and weighing of Plaintiff's treatment records and hearing testimony. Instead, Plaintiff asserts that the ALJ made a number of technical errors by (1) improperly concluding Plaintiff's past relevant work included hand packager; (2) improperly concluding Plaintiff could work as a hand packager; (3) failing to find Plaintiff met the requirements under Listing

12.03 for psychotic disorders; and (4) failing to find Plaintiff met the criteria for the application of Medical-Vocational Rule 201.14. (Pl.'s Br. at 18-23.)

### A. Plaintiff's Residual Functional Capacity

At step four of the disability evaluation process, an ALJ must determine if the plaintiff has the RFC to perform past relevant work, either as the plaintiff performed it or as it is generally performed in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(iv). Plaintiff argues that the ALJ erred by finding that the job of hand packager was past relevant work because Plaintiff did not engage in that work long enough to learn the job. (Pl.'s Br. at 18-19.) Furthermore, Plaintiff argues, even if the job of hand packager was appropriate for the ALJ to consider, the Vocational Expert (VE) erred in concluding that Plaintiff has the RFC to work as a hand packager because that job requires constant handling and fingering, which Plaintiff does not have the ability to do. (Pl.'s Br. at 19-20.)

Even if the ALJ erred in concluding that the job of hand packager was past relevant work, any error was harmless. At the hearing, the ALJ presented the VE with the hypothetical of

> an individual approaching advanced age with a limited education . . . and with the same work experience as [Plaintiff] who can perform a full range of light [work] with the following limitations. He can carry 20 pounds occasionally; 10 pounds frequently; stand, walk, and sit six hours of an eight-hour day; occasional balancing, stooping, kneeling, crouching, crawling; never climbing ladders, ropes, or scaffolds. Or never climbing period. Frequent reaching, handling, and fingering; avoid working with heights and machinery; and with the following non-exertional limitations. Can perform simple instructions; no fast-paced work; no intense concentration for more than one hour without a five-minute break and focus; and occasional interaction with co-workers, supervisors, and the public. [Would] this person be able to perform his past relevant work either as actually performed, or as those occupations, again, are performed in the national economy?

(R. at 83-84.) The VE responded that the individual could work in the hand packaging job as Plaintiff had performed it, which, as Plaintiff previously reported, required a

- 4 -

minimal amount of handling and fingering and did not require him to lift more than ten pounds. (R. at 84, 370.) Moreover, the VE testified that the individual could perform other light, unskilled jobs in the national economy, including inspector, bench assembler, and cleaner/housekeeper. (R. at 84-85.) The VE's assessment did not change when the ALJ added the condition that the individual may be absent or off task five percent of the time. (R. at 85.) Finally, on the condition that the individual may be absent or off task ten percent of the time, the VE reported that the individual could work as a cleaner/housekeeper or as a mail clerk. (R. at 85.)

With the exception of the ALJ's minimization of Plaintiff's alleged psychiatric conditions, which the Court addresses below, Plaintiff does not challenge the RFC the ALJ applied to Plaintiff in the hypotheticals he presented to the VE or argue that the RFC determination was not supported by substantial evidence in the record. Even if the Court concluded that the ALJ erred in relying on Plaintiff's previous job of hand packager as a baseline for his analysis, the RFC used was supported by substantial evidence, and the VE concluded that work in the national economy exists for an individual with Plaintiff's RFC and other characteristics. As a result, any error on the part of the ALJ was harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038, 1042-43 (9th Cir. 2008) (noting that the Court need not remand or reverse an ALJ's decision if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination").

### B. Listing 12.03

Plaintiff next argues that the ALJ erred at step three of the disability evaluation process by failing to conclude that the objective medical and other findings satisfied the requirements of one of the listed impairments, Listing 12.03. (Pl.'s Br. at 20-22.) Listing 12.03 is for "Schizophrenic, paranoid and other psychotic disorders" and provides that a plaintiff must meet specific requirements supported by medical documentation. *See* App. 1 to Subpart P of 20 C.F.R. Part 404. Plaintiff argues that the medical evidence supports a conclusion that he has a "poverty of content of speech" associated with "flat affect," and the ALJ erred when he failed to consider this evidence in combination with Plaintiff's

restrictions in maintaining concentration, persistence, or pace and his episodes of decompensation. (Pl.'s Br. at 21-22; Reply at 4-5.)

As Defendant argues (Def.'s Br. at 7-12), in the absence of a "medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration" under Listing 12.03 paragraph C—a finding that the record would not support—Listing 12.03 paragraph B criteria require that a plaintiff must have a record of marked difficulties in the activities of daily living; maintaining social functioning; maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. Without meeting one of these paragraph B requirements, it is not dispositive that a plaintiff has a record of poverty of speech associated with flat affect under Listing 12.03 paragraph A.

The ALJ concluded that Plaintiff has only mild restrictions in the activities of daily living and social functioning (R. at 34)—a conclusion that Plaintiff does not specifically contest—and the Court finds that those conclusions are supported by substantial evidence in the record. As for Plaintiff's ability to maintain concentration, persistence, or pace, the ALJ concluded that Plaintiff has moderate—not marked— difficulties. (R. at 34.) While Plaintiff disputes this conclusion (Reply at 5), the Court finds that it is also supported by substantial evidence in the record. Specifically, the ALJ noted medical opinions finding that Plaintiff has a history of drug, alcohol and tobacco dependence and has frequently abused pain medications and alcohol, among other drugs. (R. at 33-38.) The ALJ cited the opinions of state agency psychological consultants that Plaintiff suffers from anxiety but, absent his substance abuse, Plaintiff has only mild to moderate difficulties maintaining concentration, persistence, and pace. (R. at 34, 39, 226, 1383.) Plaintiff has not challenged the reliability of that evidence or the ALJ's consideration of it, and the Court finds that it supports the ALJ's conclusions.

Plaintiff also disputes the ALJ's conclusion that Plaintiff has experienced no episodes of decompensation, each of extended duration. (Reply at 4.) Specifically, Plaintiff asks the Court to consider Plaintiff's 24 visits to the hospital between 2003 and

2011 as episodes of decompensation. (Reply at 4.) However, as the ALJ notes in his decision (R. at 33-39) and Defendant points out in its brief (Def.'s Br. at 9-10), Plaintiff was not admitted in half of those hospital visits, three visits were for the purpose of attempting to refill prescriptions, and one visit was for physical injuries. (R. at 441-58, 818-27, 867-68, 918-19, 929-30, 940-41, 978-97, 1048-51, 1101-02, 1149-52, 1190-92.) Only one psychiatric hospitalization lasted more than two weeks, in 2004 (R. at 506)—eight years before the alleged onset date. The Court finds that substantial evidence in the record supports the ALJ's conclusion that Plaintiff has not experienced the requisite episodes of decompensation, each of extended duration, to meet the criteria of Listing 12.03 paragraph B. Because the medical evidence does not support a finding that Listing 12.03 paragraph B criteria are met, the ALJ did not err in declining to find Plaintiff disabled under Listing 12.03.

### C. Plaintiff's Age

Finally, Plaintiff argues that the ALJ erred by not applying Medical-Vocational (or "GRID") Rule 201.14—which considers a claimant of advancing age—in his analysis, essentially arguing that the ALJ improperly failed to consider Plaintiff's age of nearly 50 years old in assessing Plaintiff's ability to work in the national economy. (Pl.'s Br. at 22-23 (citing Rule 201.14 in App. 2 to Subpart P of 20 C.F.R. Part 404).) As the Court noted above, the ALJ specifically tailored the hypotheticals he posed to the VE to account for Plaintiff's RFC as well as his prior work experience and advancing age. The Court also already noted that the objective medical record supports the RFC applied, and that conclusion does not change by weighing the assessment of Dr. Chad Hartley—which Plaintiff submitted to the Appeals Council over a year after the date of the ALJ's decision (and three years after the alleged onset date)—against Plaintiff's treatment records and the other objective medical evidence. As noted above, the VE considered Plaintiff's age and prior work experience in concluding that Plaintiff is capable of performing jobs in the national economy. Because the ALJ's hypotheticals were specifically tailored to

Plaintiff's capacity and attributes, the ALJ did not err in declining to reference Rule 201.14.

Plaintiff raises no materially harmful error on the part of the ALJ, and the Court must therefore affirm the SSA's decision denying Plaintiff's Application for SSI benefits under the Act.

**IT IS THEREFORE ORDERED** affirming the May 2, 2014, decision of the Administrative Law Judge, (R. at 31-40), as upheld by the Appeals Council on October 26, 2015 (R. at 1-4).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this matter.

Dated this 29th day of March, 2017.

Honorable John J. Tuchi
United States District Judge